1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            NORTHERN DISTRICT OF CALIFORNIA

10

11   ANTHONY W. OLIVER,                        Case No. 22-cv-06049 EJD (PR)

            Plaintiff,

12                                             **ORDER OF SERVICE; DENYING
                                               MOTION FOR LEAVE TO
13                                             PROCEED *IN FORMA PAUPERIS*
        v.                                     AS MOOT; DIRECTING
14                                             DEFENDANT TO FILE
                                               DISPOSITIVE MOTION OR
15   R. GARCIA, et al.,                        NOTICE REGARDING SUCH
                                               MOTION; INSTRUCTIONS TO
16            Defendants.                       CLERK**

17                                             (Docket No. 2)

18

19          Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42

20   U.S.C. § 1983 against prison officers at the Correctional Training Facility ("CTF").   Dkt.

21   No. 1.  Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"), Dkt. no. 2,

22   which will be denied as moot since he paid the filing fee.  Dkt. No. 3.

23

24                                        **DISCUSSION**

25   **A.     Standard of Review**

26          A federal court must conduct a preliminary screening in any case in which a

27   prisoner seeks redress from a governmental entity or officer or employee of a

28   governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any

1  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

2  upon which relief may be granted or seek monetary relief from a defendant who is immune

3  from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally

4  construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

5          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6  elements: (1) that a right secured by the Constitution or laws of the United States was

7  violated, and (2) that the alleged violation was committed by a person acting under the

8  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

9  **B.    Plaintiff's Claims**

10         Plaintiff claims that Correctional Officer R. Garcia and a correctional Sergeant

11  "John Doe" retaliated against him for filing grievances.  Dkt. No. 1 at 3.  Specifically,

12  Plaintiff claims that on July 11, 2020, he complained to Defendant Garcia for not properly

13  wearing his mask around Plaintiff who is high risk due to his age and pre-existing medical

14  conditions.  Id. at 5.  On July 17, 2020, Defendant Garcia confronted Plaintiff about filing

15  a grievance against him.  Id. at 5.  Then on August 19, 2020, Plaintiff claims Defendant

16  Garcia, without authorization, had the G-Wing's telephone calls reduced from 15 minutes

17  to 5 minutes "to harass Plaintiff and those similar[ly] situated."  Id. at 6.  When Plaintiff

18  confronted Defendant Garcia about the change, Defendant told him, "'Oliver, don't talk to

19  me about that stuff anymore, if you write me up again I am going to move you out the

20  Unit.'"  Id.  On August 21, 2020, Plaintiff attempted to give Defendant an Inmate Request

21  for Interview, to pursue the matter with a sergeant.  Id.  However, Defendant did not return

22  the form, but rather, came to move Plaintiff to another housing on August 27, 2020.  Id.

23         Plaintiff claims that the Sgt. John Doe, who approved the move, conspired with

24  Defendant Garcia to move Plaintiff into a quarantine restricted Unit.  Id. at 7.  Plaintiff

25  claims that Defendants' retaliatory acts caused a chilling effect, preventing him from filing

26  another grievance against Defendant Garcia.  Id.  Plaintiff seeks declaratory relief and

27  damages.  Id. at 3, 9.  Plaintiff's allegations are sufficient to state a retaliation claim against

28  Defendant Garcia and Sgt. John Doe.

United States District Court
Northern District of California

**C.**   **Doe Defendant**

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds.  See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).

Plaintiff has alleged sufficient facts to indicate that the identity of Sgt. John Doe is discoverable.  If Plaintiff is able to identity this Defendant through discovery, he may move for leave to amend to substitute "John Doe's" name and have him served with this action.  Plaintiff must diligently seek to identify the identity of this unknown Defendant and move to substitute the named individual for the Doe defendant during the pendency of this action against Defendant Garcia or risk dismissal of the claims against him for failure to state a claim for relief.

**CONCLUSION**

For the reasons set forth above, the Court orders as follows:

1.      Defendant **Correctional Officer R. Garcia** shall be served at CTF.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 1, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which

United States District Court
Northern District of California

United States District Court
Northern District of California

defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has <u>not</u> waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2.    Plaintiff must provide to the Court the name Defendant Sgt. "John Doe" **by the dispositive motion due date indicated below**.  Failure to do so will result in dismissal of Defendant Sgt. John Doe without prejudice to Plaintiff filing a new action against him.

3.    No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.     All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11.     Plaintiff's motion for leave to proceed IFP is DENIED as moot since he has paid the filing fee.  Dkt. Nos. 2, 3.

This order terminates Docket No. 2.

**IT IS SO ORDERED.**

**Dated:** _____March 29, 2023_____

EDWARD J. DAVILA
United States District Judge